

# NUMBER 13-17-00523-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

MARIA AREVALOS,                                                   Appellant,

v.

RAUL R. ALVAREZ,                                                   Appellee.

**On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Tijerina**

This cause is before the Court, on the court reporter's failure to timely file the reporter's record. We handed down our memorandum opinion and judgment on August 12, 2021. Upon further review of the cause, we sua sponte withdraw our memorandum opinion and judgment, and we substitute the following memorandum opinion and

accompanying judgment in their place. *See Kennamer v. Estate of Noblitt*, 332 S.W.3d 559, 561 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

On March 29, 2021, we ordered the trial court to conduct a hearing in accordance with Texas Rule of Appellate Procedure 34.6(f)(4). We ordered the trial court to determine if: (1) the appellant has timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible; (3) the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution; and (4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. *See* TEX. R. APP. P. 34.6(f).

On April 6, 2021, the trial court notified us that the reporter had passed away, that neither the appellee Raul Alvarez nor appellant Maria Arevalos had a copy of the record, that Arevalos wanted to continue with her appeal, and that both Alvarez and Arevalos agree that the reporter's record is missing. On July 6, 2021, we issued a supplemental order of abatement wherein we directed the trial court to conduct a hearing to determine if: (1) "The lost, missing, or destroyed record is necessary for the appeal to proceed"; (2) "If the record is necessary, whether the parties can reach an agreement about the substance of the record that is lost, missing, or destroyed"; and/or, (3) "If the record is

2

necessary and the parties cannot reach an agreement about the substance of the needed portions of the record, whether the trial court shall retry the case." *See id.* R. 34.6(f)(4).

On July 22, 2021, the trial court conducted the hearing and determined that: (1) "the lost missing, or destroyed record is necessary for the appeal to proceed"; (2) "the parties cannot agree on the substance of the record because a record was never produced"; and (3) "a new trial on the merits is necessary because the record is missing and the parties cannot reach an agreement on the substance of the said record."

The trial court determined that Arevalos met the requirements of rule 34.6 and is entitled to a new trial. *See id.* Accordingly, because a significant portion of the timely requested record necessary to the appeal's resolution has been lost through no fault of Arevalos and cannot be replaced by agreement of the parties, we reverse the judgment of the trial court and remand for a new trial. *See* TEX. R. APP. P. 34.6(f); *Coplin v. Mann*, 622 S.W.3d 586, 591 (Tex. App.—Texarkana 2021, no pet.).

JAIME TIJERINA
Justice

Delivered and filed on the
8th day of October, 2021.